UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| **JOHN DUDENHOEFER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO.: 2:10-cv-00079-CEH-DNF |
| **FIFTH THIRD BANK, a foreign corporation,** | ) ) ) ) |
| Defendant. | ) ) ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JOHN DUDENHOEFER ("Plaintiff") and Defendant, FIFTH THIRD BANK, a Michigan corporation ("Defendant"), pursuant to this Court's Order dated May 11, 2010, jointly request that this Court approve the Parties' settlement of the above captioned matter. Since the Plaintiff's claim arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment.

I.   **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit

brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff and Defendant were represented by experienced counsel.

The Parties agree that the instant FLSA claim involves disputed issues, including whether Plaintiff was exempt under the administrative exemption, whether liquidated damages are appropriate and whether Plaintiff worked the alleged hours. If Defendant is successful in defeating coverage of the FLSA, Plaintiff's claims under the FLSA would also have been completely defeated. However, the Parties stipulate that Plaintiff's FLSA claim was not compromised and the Defendant paid the Plaintiff's request in full.

## II.  Terms of Settlement

The Parties have agreed to settle all of Plaintiff's claims for a total of Eighteen Thousand Five Hundred Dollars and Zero Cents ($18,500.00), inclusive of attorney's fees and costs, and all attributable to Plaintiff's FLSA claim.

Plaintiff will receive $10,500.00 which represents in excess of 10 hours of overtime per week plus doubled for liquidated damages. Defendant disputes Plaintiff worked such hours and disputes Plaintiff was misclassified as exempt, but is paying same to resolve this case amicably.

Plaintiff's counsel will receive a total of $8,000.00 in attorney's fees and costs. This amount is based upon the hours worked by Plaintiff's counsel on Plaintiff's FLSA claim, as well as all costs incurred. The Parties agree this is a reasonable fee under the circumstances of this case.

## III.  Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

Respectfully submitted this 4 day of June, 2010.

| /s/ Gregg I. Shavitz, Esq._____ | /s/ Anthony J. Hall, Esq. _____ |
|---|---|
| Gregg I. Shavitz, Esquire | Anthony J. Hall, Esquire |
| Florida Bar No.: 0011398 | Florida Bar No.: 0040924 |
| SHAVITZ LAW GROUP, P.A. | LITTLER MENDELSON, P.C. |
| 1515 S. Federal Highway, Suite 404 | 111 North Magnolia Avenue, Suite 1250 |
| Boca Raton, FL 33432 | Orlando, FL  32801-2366 |
| Telephone: (561) 447-8888 | Telephone: (407) 393-2900 |
| Facsimile:  (561) 447-8831 | Facsimile:  (407) 393-2929 |
| Email: gshavitz@shavitzlaw.com | Email: ajhall@littler.com |
| | |
| **Attorneys for Plaintiff** | **Attorney for Defendant** |

Firmwide:95440862.1 057908.1006